FRANCES O. RIGGAN et al. v. NANNIE LAMKIN et als.

*Will, Construction of—Devise—Estate, Vesting of.*

Where a testator provided in his will that his estate should be managed by his daughter L. alone during her life, and at her death by his daughter P., if she should survive L., until the death of his last single daughter, who had never married, and further provided for its division at the death or marriage of his last single daughter among such of his children as should never marry after the making of the will, and L. survived the other unmarried daughters; *Held,* that no estate vested in the unmarried daughters before their death.

SPECIAL PROCEEDING for the division of land commenced before the Superior Court Clerk of HALIFAX County, and heard, on the issues raised, before *Boykin, J.,* at September Term, 1895, of HALIFAX Superior Court, on an agreed statement of facts as follows:

"1st. William F. Lamkin, late of said county and State, died on the 10th of January, 1866, leaving a last will and testament so executed as to pass both real and personal property, and which was duly proved at February Term, 1866, of the Court of Pleas and Quarter Sessions for said county of Warren, and duly recorded in Book of Wills No. 2, on pages 181, 182 and 183. (The material parts of the will are quoted in the opinion of the court.)

2d. That the said testator died seized and possessed of the tracts of land mentioned and described in article 2 of the complaint herein.

3d. That said testator left him surviving the following children, namely:

(1) Frances O., who had intermarried with one Richard Riggan before the making of said will, and is still living and has not since remarried; (2) Lucy H., who had intermarried with one Matthew Riggan before the making of said will, and is still living and has not since married; (3) Harriet M. Lamkin, who never married and died intestate in September, 1890; (4) Mary W. Lamkin, who never married and died intestate 16th of February, 1892; (5) Parmelia E. Lamkin, who never married and died intestate 22d February, 1892. (Sarah M. Lamkin, who married in 1877, after the making of the will of the testator, and died intestate 16th April, 1893, leaving no legitimate child.) (The defendant, Nannie Lamkin, is an illegitimate child of the said Sarah M., and was born on the 25th November, 1867, and before the marriage of her mother); (7) Rebecca E. Lamkin, who married Somerville St. Sing after the execution of the will and after the death of the testator, and died on 8th April, 1887, intestate and without issue; (8) Letha A. Lamkin, who never married, and died intestate February 4, 1895; (9) and George W. Lamkin, who married before the execution of the will of the testator and died November 10, 1890, (not having married after the execution of said will), intestate, and leaving, as his heirs-at-law, Julia T. (who intermarried with one J. C. Hunt), William E. Lamkin, Charles A. Lamkin, Robert H. Lamkin, and Frances F. Lamkin. The said children of the said George W. (except Julia) being infants under twenty-one years of age, and not having general or testamentary guardian, appearing in this suit by their next friend, John J. Riggan; and (10), lastly, Mahala, who intermarried with one Paschall before the making of said will, and died in September, 1866, leaving her surviving

two children, to-wit, Elizabeth (who intermarried with one Bottoms), and Wm. Henry Paschall, as her only heirs-at-law, and defendants in this action.

4th. That the plaintiffs, John J. Riggan, Matthew C. Riggan, Richard D. Riggan, Pattie J. Riggan, Jennie F. (who intermarried with one Smiley), and Mary L. (who intermarried with one George B. Wilson), are the only children of Frances O. and her husband, Richard Riggan.

5th. That the plaintiff, Theodosia W. Thompson, and the defendant, Joseph W. Riggan, are the only children of the said Lucy H. Riggan. That on the 3d July, 1895, said Lucy, by her deed, conveyed to defendant, Joseph W. Riggan, her son, all her right, title and interest in and to that part of said tracts of land referred to in 7th clause of said last will and testament, and on the same day Lucy H. conveyed to said Theodosia W. Thompson all her right, title and interest in and to that part of said tracts of land referred to in 8th clause of said will.

His Honor adjudged as follows :

(1) That, under the provisions of said will, the estate of said testator vested, at the death of the said Letha A. Lamkin, in the plaintiffs Frances O. Riggan and her children her surviving, and in the said Lucy H. Riggan and her children her surviving, and in the children and heirs-at-law of the said George W. Lamkin, hereinbefore mentioned, and one-fourth thereof in the said Letha A. Lamkin—the share of the said Letha A. in the said estate to be equally divided between the said Frances and the said Lucy and their surviving children, as above said, and the said George and his children as above said.

2d. That the said Frances O. Riggan and her children, and the said Lucy and her children, and grantees, and the children of the said George W. Lamkin, at the death of said Letha, became and are tenants-in-common of the said

lands described in said complaint, and entitled to a division thereof, according to their respective rights, so that each may hold his or her share thereof in severalty, as follows:

(1) To the said Frances O. Riggan, one-third thereof in value for her life, with remainder to such of her said children as are living at her death, and to be so laid off as to include the lands and houses on which she now resides and land adjoining thereto, as described in clause 5 of said will, so as to make one-third in value of said tract of land.

(2) To Joseph W. Lamkin, under said will, and as the grantee of Lucy H. Riggan, one-sixth part in value of said tracts of land, embracing the house in which the testator resided at the time of his death, and the land most convenient around it, described in clause 7 of said will (excepting the grave-yard), so as to make one-sixth in value of said tracts of land, to him for the life of the said Lucy H. Riggan; and if he survive her, then in fee.

(3) To Theodosia W. Thompson, under said will, and as the grantee of Lucy H. Riggan, one-sixth part in value of said tracts of land, including the house and land most convenient around it, as described in clause 8 of said will, so as to make one-sixth in value of said tracts of land, to her for the life of the said Lucy H. Riggan; and if the said Theodosia survive her mother, then to the said Theodosia in fee-simple.

(4) To the heirs-at-law of the said George W. Lamkin, above-named, one-third part of said tracts of land in value in fee.

To the refusal of his Honor to give judgment declaring plaintiffs and defendants tenants-in-common of the land described in the petition, and to the judgment rendered by his Honor, the said defendants, and also the defendant Nannie E. Lamkin, excepted, and appealed, assigning as error:

"I. That the court erred in not holding that said last will and testament of Wm. F. Lamkin, deceased, was void, because it was uncertain and indefinite as to the subjects and objects of his gifts and devise.

"II. That the court erred in holding that the estate of said Wm. F. Lamkin, deceased, under his last will and testament, did not vest until the death of the last single daughter who had never married after the making of said last will and testament, and, after said event, vested in the above plaintiffs; and not holding that the said estate vested in the following devisees at his death, to-wit: Frances O. Riggan, Lucy H. Riggan, Harriet M. Lamkin, Parmelia E. Lamkin, Letha A. Lamkin, Mary W. Lamkin, Rebecca E. Lamkin, Sarah M. Lamkin, and George W. Lamkin, as mentioned in clause 3 of said last will and testament.

"III. That the court erred in not holding that the conditions, clauses and terms contained in said last will and testament of Wm. F. Lamkin, deceased, imposed upon said children, named in article 3 of said will, were restrictive against their marriage, and void, as being contrary to public policy.

"IV. That the court erred in not holding that under clause 4 of aforesaid last will and testament, the defendant, Nannie E. Lamkin, was entitled to one-fourth of the share of the last single daughter, to-wit, Letha A. Lamkin, who died February 4, 1895."

*Mr. Joseph B. Batchelor*, for plaintiff.

*Messrs. T. W. Hawkins* and *Cook & Green*, for defendants (appellants).

FURCHES, J.: This appeal involves the construction of a most remarkable will. The will was made in 1865, and the testator, William Lamkin, died in 1866, and soon thereafter it was duly admitted to probate. The testator

had ten children, all surviving him at the time of his death—four of whom were then married, the other six, all of whom were daughters, being unmarried.

After providing for the payment of his debts in the first clause of his will, he provides in the second clause that all the residue of his estate shall be kept together, and under the management of his daughter, Letha A. Lamkin, and if she shall die before Parmelia Lamkin, then the estate to be under her management for the use and benefit of his six single daughters.

The third clause of his will is as follows: "At the death or marriage of my last single daughter, who has never married, I give' to such of my children -- Frances O. Riggan, Lucy H. Riggan, Harriet M. Lamkin, Parmelia E. Lamkin, Letha A. Lamkin, Mary W. Lamkin, Rebecca E. Lamkin, Sarah M. Lamkin and George W. Lamkin—as shall never marry, after this time, each an equal portion of said balance of my estate; but the shares of my said daughters, Frances O. Riggan and Lucy H. Riggan, are only given to them during their lives, and after their death said shares are hereby given to their children, then surviving, by their present husbands."

Clause 4th: "After the death or marriage of my last single daughter, who has never married, her share of my estate is to be divided equally between my above named children who shall have never married after this time—the children of any deceased child among them to stand in the place of the deceased parent."

This will was made on the 23d of September, 1865, and on the 30th of the same month the testator made the following codicil: "I do hereby declare that my daughter, Mahala Paschall, and her two children, William Henry Paschall and Elizabeth H. Bottoms, are not to take any part of my estate under the foregoing will."

120—7

The question as to whether the inhibition to marry, placed on the single daughters, was not against the policy of the law and therefore void, leaving the estate to vest in fee, was ably argued by counsel. But the view we take of the case and the construction of the will, does not make it necessary that we should consider this question.

We are clearly of the opinion that no estate vested under the will until the death of Letha A. Lamkin, at which time the testator says, "I *give* to such of my children" * * * "each an equal portion of said *balance of my estate.*" This being so, that is, no estate being in the unmarried daughters before their death, the removal of the unlawful restrictions was of no avail, as they had no estate to be freed. And as they had no estate, none could descend to their brothers and sisters upon their death.

It only remains to see who were the devisees capable of taking under the will, at the death of Letha A. Lamkin.

And it seems to us to be plainly declared that Frances O. Riggan and her children, Lucy H. Riggan and her children, and George W. Lamkin, who were married at the date of the will, and were never married again after that time, are the only beneficiaries under the will.

Mahala Paschall and her son, W. H. Paschall, and her daughter, Elizabeth H. Bottoms, are expressly excluded from any benefits under the will by the codicil.

And the defendant, Nannie E. Lamkin, is excluded for the reason that her mother, Sarah M. Lamkin, died in 1893, before Letha A. Lamkin, and therefore had no estate in the property willed by William Lamkin, to descend to the defendant, Nannie Lamkin. And she cannot inherit, through her mother, from her aunts, if they had any estate to inherit, being an illegitimate child.

This makes it unnecessary for us to determine whether Letha A. Lamkin, the last surviving single daughter, took

any estate or not (as the learned Judge below seemed to think she did), as the results are the same, whether she did or did not. The judgment below is affirmed.

MONTGOMERY, J., did not sit in the case.